

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed June 25, 2018**                                                **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| BARCELONA APARTMENTS, LLC, § | |
| § | Case No. 18-31925-bjh11 |
| Debtor. § | |
| § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF INTERIM ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL UNDER 11 U.S.C. § 363

On June 20, 2018, this Court held a Preliminary Hearing on the *Debtor's Motion for Authority to Use Cash Collateral Under 11 U.S.C. § 363* (the "Cash Collateral Motion") filed on June 11, 2018 by Barcelona Apartments, LLC (the "Debtor") [Docket No. 11]. The Debtor appeared at the Preliminary Hearing Alan Kuatt, the managing member of the Debtor's managing member, FSG Holdings, LLC, and through counsel: Charles B. Hendricks and Emily S. Wall. Pursuant to 11 U.S.C. §§ 361 and 363 and Federal Rule of Bankruptcy Procedure 4001 and based on the evidence presented at the hearing, the Court finds good cause for entry of the following

Findings of Fact and Conclusions of Law in Support of
Interim Order Granting Debtor's Motion for
Authority to Use Cash Collateral Under 11 U.S.C. § 363                                    Page 1 of 3

Findings of Fact and Conclusions of Law.  Concurrently with the entry of these Findings of Fact and Conclusions of Law, the Court enters its Interim Order Granting the Cash Collateral Motion (the "Interim Order").

A.  On June 5, 2018, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is now operating its business and managing its property as a debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 363.  This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(M).  Venue of the Chapter 11 Case and the Cash Collateral Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  An immediate and critical need exists for the Debtor to use cash collateral in order to continue the operation of its business. Without such funds, the Debtor will not be able to fund ongoing operating expenses during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate.  The Debtor's ability to use cash collateral is vital to the preservation and maintenance of the going concern value of the Debtor's business and this estate.

D.  Federal National Mortgage Association ("Fannie Mae") claims a lien on the Debtor's real property located at 538 Westover Road in Big Spring, Texas, on which the Debtor operates an apartment complex, and on all rents derived therefrom.

E.  The Debtor has requested immediate entry of the Interim Order under Bankruptcy Rule 4001(b)(2).  The authority granted in the Interim Order to allow the Debtor to use Fannie Mae's cash collateral is necessary to avoid immediate and irreparable harm to the Debtor's estate.

**Findings of Fact and Conclusions of Law in Support of**
**Interim Order Granting Debtor's Motion for**
**Authority to Use Cash Collateral Under 11 U.S.C. § 363**                                    **Page 2 of 3**

  F. This Court concludes that entry of the Interim Order, entered concurrently with these Findings of Fact and Conclusions of Law, is in the best interest of the Debtor, its estate, and its creditors, and that implementation of the Interim Order will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

  **IT IS THEREFORE ORDERED** that the findings of fact and conclusions of law of this Court pursuant to the Interim Order shall be deemed effective upon the entry of the Interim Order. To the extent that such findings may constitute conclusions, and vice versa, they are deemed as such. Such findings are solely for the purpose of the Interim Order, which was entered on an emergency basis, solely to allow the interim use of cash collateral as is necessary to maintain the Debtor's operations.

### # # # END OF ORDER # # #

**Findings of Fact and Conclusions of Law in Support of**
**Interim Order Granting Debtor's Motion for**
**Authority to Use Cash Collateral Under 11 U.S.C. § 363**  **Page 3 of 3**