

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed July 23, 2018**                     **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BARCELONA APARTMENTS, LLC, | § | |
| | § | Case No. 18-31925-bjh11 |
| Debtor. | § | |
| | § | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL UNDER 11 U.S.C. § 363

On June 20, 2018, this Court held a preliminary hearing on the *Debtor's Motion for Authority to Use Cash Collateral Under 11 U.S.C. § 363* (the "Cash Collateral Motion") filed on June 11, 2018 by Barcelona Apartments, LLC (the "Debtor") [Docket No. 11]. Alan Kuatt, the managing member of the Debtor's managing member, FSG Holdings, LLC, appeared on behalf of the Debtor at the preliminary hearing and testified in support of the Cash Collateral Motion.

On June 22, 2018, the Court entered its Interim Order Granting Debtor's Motion for Authority to Use Cash Collateral Under 11 U.S.C. § 363 (the "Interim Order") [Docket No. 30].

Pursuant to the Interim Order, on June 27, 2018, the Debtor notified all parties-in-interest of the final hearing date, the Cash Collateral Motion, the Interim Order, the Debtor's proposed final order on the Cash Collateral Motion, and the Debtor's proposed findings of fact and conclusions of law in support of the Debtor's proposed final order on the Cash Collateral Motion. No party in interest filed an objection to the entry of the Debtor's proposed final order on the Cash Collateral Motion.

On July 18, 2018, this Court held a final hearing on the Cash Collateral Motion. The Debtor appeared at the final hearing through Alan Kuatt and through counsel: Emily S. Wall. Based on the evidence presented at the preliminary hearing and the final hearing, the Court finds good cause for the entry of the following Findings of Fact and Conclusions of Law. Concurrently with the entry of these Findings of Fact and Conclusions of Law, the Court enters its *Order Granting Debtor's Motion for Authority to Use Cash Collateral Under 11 U.S.C. § 363* (the "Order").

A. On June 5, 2018, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(M). Venue of the Chapter 11 Case and the Cash Collateral Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Federal National Mortgage Association ("Fannie Mae") claims a lien on the Debtor's real property located at 538 Westover Road in Big Spring, Texas (the "Property"), on which the Debtor operates an apartment complex, and on all rents derived from the Property.

D. Fannie Mae therefore claims that all rents derived from the Property are its cash collateral under 11 U.S.C. § 363(a).

E. The Debtor has shown its ongoing need to use Fannie Mae's cash collateral in order to continue the operation of its business. Without such funds, the Debtor will not be able to fund ongoing operating expenses, and the Debtor's ability to use cash collateral is vital to the preservation and maintenance of the going concern value of the Debtor's business and this estate.

F. This Court concludes that entry of the Order, entered concurrently with these Findings of Fact and Conclusions of Law, is in the best interest of the Debtor, its estate, and its creditors, and that implementation of the Order will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**IT IS THEREFORE ORDERED** that the findings of fact and conclusions of law of this Court pursuant to the Order shall be deemed effective upon the entry of the Order. To the extent that such findings may constitute conclusions, and vice versa, they are deemed as such. Such findings are solely for the purpose of the Order, and are solely to allow the use of cash collateral, as set out in the Order, as is necessary to maintain the Debtor's operations.

### # # # END OF ORDER # # #