

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed July 23, 2018**                                              **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BARCELONA APARTMENTS, LLC, | § | |
| | § | Case No. 18-31925-bjh-11 |
| Debtor. | § | |
| | § | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AUTHORIZING CONTINUATION OF MANAGEMENT AGREEMENT WITH SUNRIDGE MANAGEMENT GROUP, INC.

On June 20, 2018, this Court held a preliminary hearing on the *Debtor's Motion to Assume Management Agreement with SunRidge Management Group, Inc.* (the "Management Agreement Motion") filed on June 11, 2018 by Barcelona Apartments, LLC (the "Debtor") [Docket No. 13]. Alan Kuatt, the managing member of the Debtor's managing member, FSG Holdings, LLC, appeared at the preliminary hearing and testified in support of the Management Agreement Motion. A representative of SunRidge Management Group, Inc. also appeared at the preliminary

Findings of Fact and Conclusions of Law in Support of
Order Authorizing Continuation of Management
Agreement with SunRidge Management Group, Inc.                                                                       Page 1 of 3

hearing and indicated SunRidge's willingness to continue operating under its Management Agreement with the Debtor.

On June 22, 2018, the Court entered its *Interim Order Authorizing Continuation of Management Agreement with SunRidge Management Group, Inc.* (the "Interim Order") [Docket No. 31]. Pursuant to the Interim Order, on June 27, 2018, the Debtor notified all parties-in-interest of the final hearing date, the Management Agreement Motion, the Interim Order, the Debtor's proposed final order on the Management Agreement Motion, and the Debtor's proposed findings of fact and conclusions of law in support of the proposed final order on the Management Agreement Motion. No party in interest filed an objection to the entry of the Debtor's proposed final order on the Management Agreement Motion.

On July 18, 2018, this Court held a final hearing on the Management Agreement Motion. The Debtor appeared at the final hearing through Alan Kuatt, the managing member of the Debtor's managing member, FSG Holdings, LLC, and through counsel: Emily S. Wall. Based on the evidence presented at the preliminary hearing and the final hearing, the Court finds good cause for the entry of the following Findings of Fact and Conclusions of Law. Concurrently with the entry of these Findings of Fact and Conclusions of Law, the Court enters its *Order Authorizing Continuation of Management Agreement with SunRidge Management Group, Inc.* (the "Order").

A. On June 5, 2018, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed.

**Findings of Fact and Conclusions of Law in Support of**
**Order Authorizing Continuation of Management**
**Agreement with SunRidge Management Group, Inc.**                                                            Page 2 of 3

B.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(A).   Venue of the Chapter 11 Case and the Management Agreement Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.   Good cause exists for the Debtor to authorize the Management Agreement with SunRidge Management Group, Inc. ("SunRidge") in order to continue the operation of its business. Without SunRidge operating the debtor's apartment complex, the Debtor's estate will be irreparably harmed by disruption to SunRidge managing and overseeing the day-to-day operations of the Debtor's property.

D.   This Court concludes that entry of the Order, entered concurrently with these Findings of Fact and Conclusions of Law, is in the best interest of the Debtor, its estate, and its creditors, and that implementation of the Order will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**IT IS THEREFORE ORDERED** that the findings of fact and conclusions of law of this Court pursuant to the Order shall be deemed effective upon the entry of the Order.   To the extent that such findings may constitute conclusions, and vice versa, they are deemed as such.   Such findings are solely for the purpose of the Order and are solely to allow the continuation of the Debtor's Management Agreement with SunRidge as is necessary to maintain the Debtor's operations.

### # # # END OF ORDER # # #

**Findings of Fact and Conclusions of Law in Support of
Order Authorizing Continuation of Management
Agreement with SunRidge Management Group, Inc.**                                                                 **Page 3 of 3**